UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOY B. (individually and as Parent and Natural Guardian of C.L.),<br><br>Plaintiffs,<br><br>v.<br><br>FREEHOLD REGIONAL SCHOOL DISTRICT,<br><br>Defendant. | Civil Action No. 20-17285 (AET)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Before the Court is Reisman Carolla Gran & Zuba LLP's ("RCGZ's") motion to intervene. (Docket Entry Nos. 10, 17). RCGZ seeks to intervene to obtain recognition and enforcement of its lien pursuant to the Attorney's Lien Act, N.J.S.A. 2A:13-5. Plaintiffs and Defendant oppose the motion (Docket Entry Nos. 12, 13, 16). The Court has fully reviewed and considered all arguments made in support of and in opposition to RCGZ's motion, and the Court considered the motion without oral argument pursuant to L.Civ.R. 78.1. For the reasons set forth below, RCGZ's motion is DENIED.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On November 27, 2020, Plaintiff Joy B. filed the Complaint in their individual capacity and on behalf of their now adult child, C.L., against Defendant Freehold Regional School District (the "District"). (Compl., ¶¶ 1-2, Docket Entry No. 1). C.L. was previously a student enrolled in the District. (Compl., ¶¶ 3-4). Plaintiffs here appeal the final judgment issued on August 31, 2020 in the due process proceeding before the New Jersey Office of Administrative Law, *J.B.*

1

*o/b/o C.L. v. Freehold Regional High School District* (EDS OAL Docket No. 04541-18). (Compl., ¶¶ 7, 53-54, Exh. A). Their claims include the denial of a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act (the "IDEA"), retaliation under Section 504 of the Rehabilitation Act, and a Title IX claim for sexual harassment that C.L. allegedly suffered at her previous school placement. (*See generally* Compl. ¶¶ 56-71). Defendant filed its Answer on February 23, 2021.

The Court held an Initial Pretrial Conference on April 7, 2021 and a Settlement Conference on May 14, 2021. In the following month, the parties continued to discuss a potential settlement. On June 17, 2021, the Court entered a Text Order directing Plaintiffs to respond to Defendant's settlement offer by June 25, 2021.

On June 24, 2021, RCGZ filed this motion to intervene, seeking recognition and enforcement of its lien for fees owed by Joy B. for the legal representation it provided to Plaintiffs in the previous state court administrative proceeding. (Docket Entry Nos. 10, 17). On June 1, 2021, the amount RCGZ claims to be owed was $114,926.71, including interest. (Corolla Cert., ¶ 14, Docket Entry No. 10-2). Plaintiffs and Defendant subsequently opposed the motion. (Docket Entry Nos. 12, 13, 16). RCGZ also has a state court matter pending to collect the amount owed, captioned *RCGZ v. Joy B. and William B.*, Superior Court of New Jersey, Camden County, Docket No. CAM-L-000088-21. (Corolla Cert., ¶ 10).

II.     **SUMMARY OF LEGAL ARGUMENTS**

RCGZ here moves to intervene, seeking recognition and enforcement of its lien under New Jersey's Attorney's Lien Act, N.J.S.A. 2A:13-5. It contends that this Court has ancillary jurisdiction over the charging lien. (RCGZ Brief at 1-2, Docket Entry No. 10-1). Although

RCGZ argues that it has an interest in any settlement proceeds in this case and has been "assigned the right to any award of fees pursuant to statutory fee-shifting provisions," it also states that "Joy B has an unsatisfied contractual obligation to RCGZ for fees incurred in connection with the underlying administrative proceeding" and "[t]he amount of fees owed to RCGZ is . . . independent of the fees recovered from the school district."  (*Id.* at 2).  In addition, RCGZ states that Joy B was obligated to pay for services regardless of its success in the administrative proceeding. (Carolla Cert., ¶ 6, Docket Entry No. 10-2).

In their opposition brief, Plaintiffs argue that the Court should deny the motion.  First, they assert that the Court lacks jurisdiction because RCGZ alleges state law claims and there is no diversity.  (Plaintiffs' Opp. Brief at 1, Docket Entry No. 13).  Next, they argue that Plaintiffs' current counsel adequately represents all interests before the Court, defeating any attempt by RCGZ to intervene under Fed. R. Civ. P. 24(a)(2).  Here, Plaintiffs assert that RCGZ has not met its burden, and counsel has requested reimbursement for Plaintiffs' attorneys' fees.  Any intervention would muddle litigation and settlement negotiations.  (*Id.* at 2).  Third, Plaintiffs argue that the motion is untimely because RCGZ knew on October 26, 2020 that Plaintiffs were appealing the Administrative Law Judge's decision and did not seek to intervene until June 2021, when "the parties were close to a potential resolution of all issues."  (*Id.* at 3).  Finally, Plaintiffs argue that RCGZ cannot intervene because it lost its case at the administrative level and also because it seeks to litigate simultaneously in state court and in this federal litigation.  (*Id.* at 4-5). Plaintiffs seek leave of the Court to file a counterclaim for disgorgement of RCGZ's attorneys' fees with interest if RCGZ is permitted to intervene.  (*Id.* at 5).

3

Defendant's opposition to the motion focuses on two arguments. First, it claims that neither Plaintiffs nor RCGZ are entitled to attorneys' fees under the IDEA because Plaintiffs were not the prevailing party in the administrative proceeding and "will not be the prevailing party" in this litigation. (Defendant's Opp. Brief at 1-2, Docket Entry No. 16). Moreover, Defendant asserts that this matter is likely to settle and its standard form of settlement includes language that Plaintiff shall not be deemed a "prevailing party." (*Id.* at 2). Second, Defendant argues that the Court lacks jurisdiction over RCGZ's charging lien because its claims are based in state law and there is no diversity. (*Id.* at 3-4).

In its reply brief, RCGZ asserts first that it has a right to intervene under Fed. R. Civ. P. 24(a)(2) because it "claims an interest relating to the property or transaction that is the subject of the action" and its interest may be harmed if it cannot intervene because existing parties do not adequately represent that interest. (RCGZ Reply Brief at 3-6, Docket Entry No. 17). RCGZ argues that the motion is timely because the proceedings are at an early stage, there would be no prejudice to the parties, and it has tried to secure assurances that Plaintiffs will pay the attorneys' fees through other methods. (*Id.* at 7-9). In the alternative, RCGZ argues in its reply brief that the Court should grant the motion to intervene pursuant to Fed. R. Civ. P. 24(b) because it has a claim that "shares with the main action a common question of law or fact." (RCGZ Reply Brief at 3, n.1). Regardless of the mechanism for RCGZ's intervention in the case, it contends that the Court has ancillary jurisdiction to fully resolve the case and "do complete justice in the dispute." (*Id.* at 9-12).

### III. ANALYSIS

Federal Rule of Civil Procedure 24(a) ("Rule 24(a)") governs requests made to intervene as of right in federal litigation. According to Rule 24(a):

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Third Circuit has held that intervention under Rule 24(a)(2) is only appropriate if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987)). Each requirement must be met in order for an applicant to intervene as of right. *Id.* The Court examines each of the four factors in turn.

The Court finds that RCGZ's motion to intervene is timely. The Initial Pretrial Conference was held on April 7, 2021, and the parties thereafter engaged in settlement negotiations. This motion was then filed on June 24, 2021. The delay was not unreasonable, and the parties would suffer minimal prejudice based on that delay.

The Court also finds, however, that RCGZ does not have a sufficient interest in this litigation to intervene. "While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition, some guidelines have emerged." *Mountain Top Condo. Ass'n*, 820 F.2d at 366 (internal citations omitted). As the Third Circuit has recognized:

> In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. . . . Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.

*Id.* (internal citations omitted).

In a similar case where Reisman Carolla Gran LLP (note the firm's earlier name) filed a motion to intervene, the district court ruled that the asserted interest "has no basis in law and is against public policy" because the subject of the litigation was an award of compensatory education to a high school senior and the demand for attorney's fees was a "purely collateral dispute based on a contractual relationship." *Susquenita School Dist. V. G.W. ex rel. A.P.*, Civ Action No. 1:10-cv-1897, 2012 WL 1268219, at *3 (M.D. Pa. Apr. 13, 2012). Notably, the court expressed concern that intervention would give former counsel "worrisome influence over the course of their former client's case," potentially resulting in conflicting strategies or prolonging a case that the client seeks to settle. *Id.* at *4 ("This would, in effect, result in an attorney who has been discharged, or withdrawn, resuming effective control of the case and undermining the basic principles that an individual may select his representative in court."); *see Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177 (2d Cir. 2001) (finding that an interest in attorney's fees "is unrelated to the underlying cause of action").

Here, RCGZ asserts that the funds owed to it must be paid regardless of the outcome of this litigation (and regardless of the outcome of the prior administrative proceeding). Therefore, the funds to pay any attorneys' fees, costs, and interest to RCGZ can come from any source, negating the need for RCGZ to intervene in this case. *See Gov't of the V.I. v. Landsdale*, no. 2001-cv-157, 2010 WL 2991053, at *3 (D.V.I. July 26, 2010).

Although RCGZ relies upon its assigned interest in any attorneys' fees awarded to the prevailing party under the IDEA to claim an interest in a particular fund like that in *Mountain Top Condo. Ass'n*, the Court finds any potential attorneys' fees award to be too speculative to justify intervention. Quite simply, no particular fund currently exists that RCGZ has an interest in, and the mere potential that there will be a fund based on a future attorneys' fee award in this litigation is insufficient to grant this motion to intervene.

Additionally, the Court finds that RCGZ's interest will not be affected by the disposition of the action. As RCGZ states, it is owed the money regardless of the outcome of this litigation, and any settlement in this matter will not affect its alleged right to be paid. *Susquenita School Dist.*, 2012 WL 1268219, at *4. Given the pending state court litigation over the fee dispute, RCGZ has "adequate alternate recourse." *Id.*

Finally, when comparing the respective interests of Plaintiffs and RCGZ, RCGZ's interests are adequately represented to the extent that they both want to maximize any financial award and minimize the amount of attorneys' fees owed by Plaintiffs. With respect to RCGZ's right to obtain any prevailing party attorneys' fees under the IDEA, the Court finds that RCGZ's right to those fees *if* they are awarded by the Court is not impacted by its failure to intervene. RCGZ here conflates its interest in those fees, *if awarded*, with a right to make a decision about the course of

7

the litigation in order to prioritize obtaining such an award instead of settling or terminating the litigation in any way that does not result in the award of such fees. RCGZ's interest in maximizing any recovery so that Plaintiffs have funds to pay RCGZ is adequately represented here. *Id.* at *5.

RCGZ also asserts that, in the alternative, it is entitled to intervene under Federal Rule of Civil Procedure 24(b) ("Rule 24(b)"), which states:

> (1) *In General*. On timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact. . . . (3) *Delay or Prejudice*. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

RCGZ's claim does not share a common question of law or fact with this litigation, as it relates to attorneys' fees and not to the educational needs of C.L. that are the subject of this dispute. In addition, the Court exercises its discretion to deny RCGZ's motion to intervene because it will prejudice Plaintiffs' right to choose their own counsel and potentially result in conflicting decisions about how to conduct or resolve this litigation.

For the reasons discussed herein, RCGZ's motion to intervene is DENIED. RCGZ's lien is "merely a right in the attorney to a lien on any judgment recovered for the attorney's client" and attaches to the final judgment. *See Galluccio v. Pride Indus.*, 1:15-cv-03423-NLH-AMD, 2020 U.S. Dist. LEXIS 115324, at *6 (D.N.J. June 29, 2020).


### IV. CONCLUSION

For the reasons, stated above, RCGZ's motion to intervene is DENIED. An appropriate Order follows.

Dated: August 25, 2021

                                              /s Tonianne J. Bongiovanni
                                       **HON. TONIANNE J. BONGIOVANNI**
                                       **UNITED STATES MAGISTRATE JUDGE**